**BROWN GRAIN AND LIVESTOCK, INC., a Colorado Corporation and Myrna F. Thompson, individually, Plaintiffs–Appellees,**

v.

**UNION PACIFIC RESOURCE COMPANY, f/k/a Champlin Petroleum Company, a subsidiary of Union Pacific Corporation, Defendant–Appellant.**

No. 93CA1022.

Colorado Court of Appeals, Div. V.

June 30, 1994.

Robert S. McCormick, Fort Collins, for plaintiffs-appellees.

Burk & Kimmell, Thomas J. Kimmell, Englewood, for defendant-appellant.

Opinion by Judge ROTHENBERG.

The defendant, Union Pacific Resources Company (UPRC), appeals from the order of the trial court denying a motion to set aside the default judgment entered in favor of the plaintiffs, Brown Grain and Livestock, Inc., and Myrna F. Thompson. We affirm.

The plaintiffs commenced this action by filing a complaint naming both UPRC and Chevron U.S.A., Inc., as defendants. Both defendants had named the "Corporation Company" as their designated agent in Colorado for the purpose of receiving service of process.

Several days after the complaint was filed, plaintiffs' process server personally served two copies of the summons and complaint by handing them to an employee of the Corporation Company. Although the Corporation Company notified Chevron U.S.A., it did not inform UPRC of this development, and the plaintiffs subsequently obtained a default judgment against UPRC.

UPRC first learned of the suit about seven months after the default judgment had been entered when the plaintiffs attempted execution on the judgment. Shortly thereafter, UPRC filed a motion to set aside the judgment, pursuant to C.R.C.P. 60(b)(1) and (5), contending that the summons was void because it was not specifically directed to UPRC.

During the hearing on UPRC's motion, the process server testified that he served one summons on the employee at the Corporation Company, waited one minute, and then served the second summons. The employee receiving the summons did not dispute this account, but testified the process server had orally indicated that both summonses were intended for Chevron U.S.A.

The trial court found that UPRC's lack of notice was due to the inadvertence and mistake of its agent. It thus concluded that service was valid and denied UPRC's motion to set aside the judgment.

■ UPRC contends the judgment is void because the summons used by the plaintiffs did not specifically indicate which of the two defendants was being served. We disagree.

■ Service of process refers to a formal delivery of documents that is legally sufficient to provide a defendant with notice of the commencement of an action. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 700-01, 108 S.Ct. 2104, 2108, 100 L.Ed.2d 722 (1988). To this end, C.R.C.P. 4(c) requires that a summons "be directed to the defendant."

Here, the caption of the summons identified UPRC and Chevron U.S.A. as the only two defendants in the case, and two summonses were served upon defendants' designated agent. The body of the summons stated:

THE PEOPLE OF THE STATE OF COLORADO TO THE ABOVE-NAMED DEFENDANTS:

You are summoned and required to file with the clerk of this court an answer or other response to the attached Complaint within twenty days after this Summons is served on you....

■ When an agent acts within the scope of his or her authority, knowledge of the agent is knowledge of the principal. *See Weghorst v. County Fire Insurance Co.*, 96 Colo. 564, 45 P.2d 625 (1935). Thus, if a defendant selects as its designated agent a company receiving service of process for numerous other entities, the defendant takes a risk that errors in transmittal by its agent, such as occurred here, will bind the principal. We are not persuaded, however, that the assumption of such a risk by the defendant justifies the imposition of a condition for obtaining service of process which is not contained in C.R.C.P. 4.

We therefore conclude that plaintiffs complied with the requirements of C.R.C.P. 4., and we reject UPRC's contention that service was defective as a matter of law because it was not specifically designated as the recipient in the summons.

■ A motion to set aside judgment based upon inadvertence and mistake is addressed

by C.R.C.P. 60(b)(1) and must be filed within six months. The record supports the trial court's factual findings of inadvertence and mistake by the agent. Thus, the trial court correctly ruled that UPRC's motion was untimely.

We also reject UPRC's contention that the trial court erred in refusing to set aside the judgment under C.R.C.P. 60(b)(5). That is a residuary provision, authorizing a trial court to set aside a judgment only in extreme situations not covered by the preceding four clauses of the rule, *Canton Oil Corp. v. District Court*, 731 P.2d 687 (Colo. 1987), and it cannot serve as the basis for relief from the judgment against UPRC.

The order is affirmed.

NEY and SMITH*, JJ., concur.